UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tammi Jo Davidson,

    Plaintiff,

    v.                                    Case No. 1:12cv683

Commissioner of Social Security            Judge Michael R. Barrett

    Defendant.

**ORDER**

    This matter is before the Court upon the Magistrate Judge's October 15, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 16.)

    Notice was given to the parties under 28 U.S.C. §636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 18.)

    The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.  Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge found that the ALJ properly weighed the opinion evidence; and (2) the Magistrate Judge found that the ALJ properly assessed Plaintiff's credibility.

    A.    **Treating physician**

    Plaintiff argues that the ALJ failed to properly weigh the opinion of her treating psychiatrist, Dr. Tepe.  Plaintiff points out that she remained in frequent psychiatric care

and psychotherapy throughout the relevant time period. Plaintiff argues that while treatment notes show a natural waxing and waning of symptoms over time, the records do not show that she improved to such a degree that she could decrease treatment. Plaintiff argues that Dr. Tepe's opinion did not contract sharply from other evidence in the record.

"When deciding if a physician's opinion is consistent with the record, the ALJ may consider evidence such as the claimant's credibility, whether or not the findings are supported by objective medical evidence, as well as the opinions of every other physician of record." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 442 (6th Cir. 2010). The ALJ found that Dr. Tepe's opinion was inconsistent with his own treatment notes, which showed that the psychotropic medication prescribed for Plaintiff had been effective in alleviating Plaintiff's symptoms. As the Magistrate Judge explained in great detail, Dr. Tepe's notes consistently stated that Plaintiff's medications were effective. The ALJ also found that Dr. Tepe's opinion rested on Plaintiff's own description of her functional limitations as they relate to her past work, which was fast-paced and high-stress. As the Magistrate Judge explained, Dr. Tepe stated that Plaintiff became overwhelmed in her prior jobs because she was unable to handle multiple tasks, had panic attacks when interacting with the public, would become anxious and take multiple bathroom breaks to cope with her anxiety, and she would panic and then require help with basic and complex tasks. However, as the Magistrate Judge pointed out, the RFC finding excluded the type of fast-paced and high-stress jobs Plaintiff had performed in the past, and Dr. Tepe's treatment notes did not demonstrate that Plaintiff was unable to perform jobs consistent with the RFC finding. Therefore, the Court concludes that there was no error in the

2

Magistrate Judge's finding that the ALJ properly weighed the opinion evidence.

**B.     Credibility**

Plaintiff argues that the ALJ erred in assessing her credibility, but does not raise any specific errors made by the Magistrate Judge in her R&R.

The Court notes that "[t]he ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)).  However, the Sixth Circuit has explained:

> the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility."  Soc. Sec. Rul. 96–7p, 1996 WL 374186, at * 4.  Rather, such determinations must find support in the record.  Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record."  The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized.  Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007).  As the Magistrate Judge detailed in her R&R, the ALJ considered the entire record and there was substantial evidence to support the ALJ's decision to discount Plaintiff's credibility as it relates to her psychological symptoms.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's October 15, 2013 R&R (Doc. 16) affirming the decision of the Commissioner.  This

3

matter shall be **CLOSED and TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                         * /s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court